# Exhibit A

**SC-100**

# Plaintiff's Claim and ORDER to Go to Small Claims Court

Clerk stamps date here when form is filed.

FILED 2/28/22
MERCED SUPERIOR COURT
By: _____ Deputy

## Notice to the person being sued:

- You are the defendant if your name is listed in ② on page 2 of this form or on form SC-100A. The person suing you is the plaintiff, listed in ① on page 2.
- You and the plaintiff must go to court on the trial date listed below. If you do not go to court, you may lose the case. If you lose, the court can order that your wages, money, or property be taken to pay this claim.
- Bring witnesses, receipts, and any evidence you need to prove your case.
- Read this form and all pages attached to understand the claim against you and to protect your rights.

## Aviso al Demandado:

- Usted es el Demandado si su nombre figura en ② de la página 2 de este formulario, o en el formulario SC-100A. La persona que lo demanda es el Demandante, la que figura en ① de la página 2.
- Usted y el Demandante tienen que presentarse en la corte en la fecha del juicio indicada a continuación. Si no se presenta, puede perder el caso. Si pierde el caso, la corte podría ordenar que le quiten de su sueldo, dinero u otros bienes para pagar este reclamo.
- Lleve testigos, recibos y cualquier otra prueba que necesite para probar su caso.
- Lea este formulario y todas las páginas adjuntas para entender la demanda en su contra y para proteger sus derechos.

Fill in court name and street address:

**Superior Court of California, County of**
Merced County

County Court Building
627 W. 21st Street
Merced, CA. 95340

Court fills in case number when form is filed.

**Case Number:**
22CV-00589
Judge: Jamieson, Stephanie

### Order to Go to Court

The people in ① and ② must attend court: *(Clerk fills out section below.)*



| Trial Date | Date | Time | Department | Name and address of court, if different from above |
|---|---|---|---|---|
| | 1. 5-13-22 | 10am | 9 | |
| | 2. 7-05-22 | 10am | 9 | |
| | 3. | | | |

Date: 2/28/22    Clerk, by _____ AMANDA TOSTE, Deputy

## Instructions for the person suing:

Do not use this form to recover COVID-19 rental debt, which is unpaid rent or other financial obligations under a tenancy due between March 1, 2020, and September 30, 2021. (See Code of Civil Procedure, §1179.02.) To recover COVID-19 rental debt, use form SC-500, *Plaintiff's Claim and ORDER to Go to Small Claims Court*.

- You are the plaintiff. The person you are suing is the defendant.
- Before you fill out this form, read form SC-100-INFO, *Information for the Plaintiff*, to know your rights. You can get form SC-100-INFO at any courthouse or county law library, or go to www.courts.ca.gov/forms.
- Fill out pages 2, 3, and 4 of this form. Make copies of all the pages of this form and any attachments—one for each party named in this case and an extra copy for yourself. Take or mail the original and the copies to the court clerk's office and pay the filing fee. The clerk will write the date of your trial in the box above. Your court may allow electronic filing. Check your local court website for information: www.courts.ca.gov/find-my-court.htm.
- You must have someone at least 18—not you or anyone else listed in this case—give each defendant a court-stamped copy of all pages of this form and any pages this form tells you to attach. There are special rules for "serving," or delivering, this form to public entities, associations, and some businesses. See forms SC-104, SC-104B, and SC-104C.
- Go to court on your trial date listed above. Bring witnesses, receipts, and any evidence you need to prove your case.

Judicial Council of California, www.courts.ca.gov
Rev. November 1, 2021, Mandatory Form
Code of Civil Procedure, §§ 116.110 et seq., 116.220(c), 116.340(g)

**Plaintiff's Claim and ORDER to Go to Small Claims Court**

SC-100, Page 1 of 6 →

| Plaintiff (list names): | Case Number: |
|---|---|

(1) **The plaintiff (the person, business, or public entity that is suing) is:**
Name: William Acevedo                                     Phone: N/A
Street address: P.O. Box 8500                Florence        CO      81226
                        *Street*                                *City*               *State*   *Zip*
Mailing address (if different): _____
                        *Street*                                *City*               *State*   *Zip*
Email address (if available): _____

**If more than one plaintiff, list next plaintiff here:**
Name: _____                  Phone: _____
Street address: _____
                        *Street*                                *City*               *State*   *Zip*
Mailing address (if different): _____
                        *Street*                                *City*               *State*   *Zip*
Email address (if available): _____

☐ *Check here if more than two plaintiffs and attach form SC-100A.*
☐ *Check here if either plaintiff listed above is doing business under a fictitious name and attach form SC-103.*
☐ *Check here if any plaintiff is a "licensee" or "deferred deposit originator" (payday lender) under Financial Code sections 23000 et seq.*

(2) **The defendant (the person, business, or public entity being sued) is:**
Name: Andre Matevousian                              Phone: Unknown
Street address: 320 First Street NW              Washington    DC     20534
                        *Street*                                *City*               *State*   *Zip*
Mailing address (if different): _____
                        *Street*                                *City*               *State*   *Zip*

**If the defendant is a corporation, limited liability company, or public entity, list the person or agent authorized for service of process here:**
Name: _____   Job title, if known: _____
Address: _____
                        *Street*                                *City*               *State*   *Zip*

☐ *Check here if your case is against more than one defendant and attach form SC-100A.*
☐ *Check here if any defendant is on active military duty and write defendant's name here:* _____

(3) **The plaintiff claims the defendant owes $ 1,817.00 .** *(Explain below and on next page.)*
*(Note: A claim for COVID-19 rental debt cannot be made on this form. Use form SC-500, Plaintiff's Claim and ORDER to Go to Small Claims Court (COVID-19 Rental Debt).)*

a. Why does the defendant owe the plaintiff money?
On October 6, 2017, Defendant Andre Matevousian was the Warden at United States Penitentiary Atwater ("USP Atwater"), located in Atwater California
                                              (See Attachment)

Plaintiff *(list names):*

Case Number:

③ b. When did this happen? *(Date):* _____
If no specific date, give the time period: *Date started:* 10-6-2017  *Through:* November 2021

c. How did you calculate the money owed to you? *(Do not include court costs or fees for service.)*
Plaintiff Acevedo has not had any of his personal property returned, and now considers it a total loss. The money owed is calculated (see Attachment)

☒ Check here if you need more space. Attach one sheet of paper or form MC-031 and write "SC-100, Item 3" at the top.

④ **You must ask the defendant (in person, in writing, or by phone) to pay you before you sue. If your claim is for possession of property, you must ask the defendant to give you the property. Have you done this?**
☒ Yes   ☐ No   If no, explain why not:

⑤ **Why are you filing your claim at this courthouse?**
This courthouse covers the area *(check the one that applies)*:

a. ☒ (1) Where the defendant lives or does business.
☒ (2) Where the plaintiff's property was damaged.
(3) Where the plaintiff was injured.
(4) Where a contract (written or spoken) was made, signed, performed, or broken by the defendant or where the defendant lived or did business when the defendant made the contract.

b. ☐ Where the buyer or lessee signed the contract, lives now, or lived when the contract was made, if this claim is about an offer or contract for personal, family, or household goods, services, or loans. (Code Civ. Proc., § 395(b).)

c. ☐ Where the buyer signed the contract, lives now, or lived when the contract was made, if this claim is about a retail installment contract (like a credit card). (Civ. Code, § 1812.10.)

d. ☐ Where the buyer signed the contract, lives now, or lived when the contract was made, or where the vehicle is permanently garaged, if this claim is about a vehicle finance sale. (Civ. Code, § 2984.4.)

e. ☐ Other *(specify):* _____

⑥ **List the zip code of the place checked in ⑤ above** *(if you know):* 95301

⑦ **Is your claim about an attorney-client fee dispute?** ☐ Yes  ☒ No
If yes, and if you have had arbitration, fill out form SC-101, attach it to this form, and check here: ☐

⑧ **Are you suing a public entity?** ☐ Yes  ☒ No
If yes, you must file a written claim with the entity first. ☐ A claim was filed on *(date):* _____
If the public entity denies your claim or does not answer within the time allowed by law, you can file this form.

(Left margin: This e-copy is the official court record (GC68150).)

Plaintiff *(list names):*

Case Number:

⑨ **Have you filed more than 12 other small claims within the last 12 months in California?**
☐ Yes  ☒ No   *If yes, the filing fee for this case will be higher.*

⑩ **Is your claim for more than $2,500?**  ☐ Yes  ☒ No
*If you answer yes, you also confirm that you have not filed, and you understand that you may not file, more than two small claims cases for more than $2,500 in California during this calendar year.*

⑪ **I understand that by filing a claim in small claims court, I have no right to appeal this claim.**

I declare under penalty of perjury under the laws of the State of California that the information above and on any attachments to this form is true and correct.

Date: _____

____William Acevedo____   ▶ ____*William Acevedo* (signature)____
*Plaintiff types or prints name here*           *Plaintiff signs here*

Date: _____

_____   ▶ _____
*Second plaintiff types or prints name here*      *Second plaintiff signs here*



**Requests for Accommodations**
Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the trial. For these and other accommodations, contact the clerk's office for form MC-410, *Disability Accommodation Request*. (Civ. Code, § 54.8.)



*This e-copy is the official court record (GC68150).*

# INFORMATION FOR THE SMALL CLAIMS PLAINTIFF

SC-100-INFO

This information sheet is written for the person who sues in the small claims court. It explains some of the rules of, and some general information about, the small claims court. It may also be helpful for the person who is sued.

## WHAT IS SMALL CLAIMS COURT?

Small claims court is a special court where disputes are resolved quickly and inexpensively. The rules are simple and informal. The person who sues is the **plaintiff**. The person who is sued is the **defendant**. In small claims court, you may ask a lawyer for advice before you go to court, but you cannot have a lawyer in court. Your claim cannot be for more than $5,000 if you are a business or public entity or for more than $10,000 if you are a natural person (including a sole proprietor). *(See below for reference to exceptions.*)* If you have a claim for more than this amount, you may sue in the civil division of the trial court or you may sue in the small claims court and give up your right to the amount over the limit. You cannot, however, file more than two cases in small claims court for more than $2,500 each during a calendar year.

## WHO CAN FILE A CLAIM?

1. You must be at least *18 years old* to file a claim. If you are not yet 18, tell the clerk. You may ask the court to appoint a guardian ad litem. This is a person who will act for you in the case. The guardian ad litem is usually a parent, a relative, or an adult friend.
2. A person who sues in small claims court must first make a demand, if possible. This means that you have asked the defendant to pay, and the defendant has refused. If your claim is for possession of property, you must ask the defendant to give you the property.
3. Unless you fall within two technical exceptions, you must be the **original owner** of the claim. This means that if the claim is assigned, the buyer cannot sue in the small claims court.

You must also appear at the small claims hearing yourself unless you filed the claim for a corporation or other entity that is not a natural person.

4. If a corporation files a claim, an employee, an officer, or a director must act on its behalf. If the claim is filed on behalf of an association or another entity that is not a natural person, a regularly employed person of the entity must act on its behalf. A person who appears on behalf of a corporation or another entity must not be employed or associated solely for the purpose of representing the corporation or other entity in the small claims court. **You must file a declaration with the court to appear in any of these instances.** (See *Authorization to Appear*, form SC-109.)

## WHERE CAN YOU FILE YOUR CLAIM?

You must sue in the right court and location. This rule is called **venue**. Check the court's local rules if there is more than one court location in the county handling small claims cases. If you file your claim in the wrong court, the court will dismiss the claim unless all defendants personally appear at the hearing and agree that the claim may be heard. The right location may be any of these:

1. Where the defendant lives or where the business involved is located;
2. Where the damage or accident happened;
3. Where the contract was signed or carried out;
4. If the defendant is a corporation, where the contract was broken; or
5. For a retail installment account or sales contract or a motor vehicle finance sale:
   a. Where the buyer lives;
   b. Where the buyer lived when the contract was entered into;
   c. Where the buyer signed the contract; or
   d. Where the goods or vehicle are permanently kept.

## SOME RULES ABOUT THE DEFENDANT (including government agencies)

1. You must sue using the defendant's *exact legal name*. If the defendant is a business or a corporation and you do not know the exact legal name, check with the state or local licensing agency, the county clerk's office, or the Office of the Secretary of State, Corporate Status Unit, at *www.sos.ca.gov/business*. Ask the clerk for help if you do not know how to find this information. If you do not use the defendant's exact legal name, the court may be able to correct the name on your claim at the hearing or after the judgment.
2. If you want to sue a government agency, you must first file a claim with the agency before you can file a lawsuit in court. Strict time limits apply. If you are in a Department of Corrections or Youth Authority facility, you must prove that the agency denied your claim. Please attach a copy of the denial to your claim.
3. With very limited exceptions, the defendant must be served within the state of California.

## HOW DOES THE DEFENDANT FIND OUT ABOUT THE CLAIM?

You must make sure the defendant finds out about your lawsuit. This has to be done according to the rules or your case may be dismissed or delayed. The correct way of telling the defendant about the lawsuit is called **service of process**. This means giving the defendant a copy of the claim. **YOU CANNOT DO THIS YOURSELF.** You should read form SC-104B, *What is "Proof of Service"?* Here are four ways to serve the defendant:

1. **Service by a law officer**—You may ask the marshal or sheriff to serve the defendant. A fee will be charged.
2. **Process server**—You may ask anyone who is *not a party* in your case and who is at least *18 years old* to serve the defendant. The person is called a **process server** and must personally give a copy of your claim to the defendant. The person must also sign a proof of service form showing when the defendant was served. Registered process servers will serve papers for a fee. You may also ask a friend or relative to do it.
3. **Certified mail**—You may ask the clerk of the court to serve the defendant by certified mail. The clerk will charge a fee. You should check back with the court before the hearing to see if the receipt for certified mail was returned to the court. **Service by certified mail must be done by the clerk's office except in motor vehicle accident cases involving out-of-state defendants.**
4. **Substituted service**—This method lets you serve another person instead of the defendant. You must follow the procedures carefully. You may also wish to use the marshal or sheriff or a registered process server.

\* Exceptions: Different limits apply in an action against a defendant who is a guarantor. (See Code Civ. Proc., § 116.220(c).)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SC-100-INFO [Rev. January 1, 2020]

**INFORMATION FOR THE PLAINTIFF**
(Small Claims)

Code of Civil Procedure,
§§ 116.110 et seq., 116.220(c), 116.340(g)
*www.courts.ca.gov*

This e-copy is the official court record (GC68150).

4. **Substituted service** *(continued)* A copy of your claim must be left at the defendant's business with the person in charge, **OR** at the defendant's home with a competent person who is at least 18 years old. The person who receives the claim must be told about its contents. Another copy must be mailed, first class postage prepaid, to the defendant at the address where the paper was left. The service is not complete until *10 days* after the copy is mailed.

5. **Timing and proof of service**—No matter which method of service you choose, the defendant must be served by a certain date, or the trial will be postponed. If the defendant lives in the county, service must be completed at least *15 days* before the trial date. This period is at least *20 days* if the defendant lives outside the county.

   The person who serves the defendant must sign a court paper showing when the defendant was served. This paper is called a *Proof of Service* (form SC-104). It must be signed and returned to the court clerk as soon as the defendant has been served.

## WHAT IF THE DEFENDANT ALSO HAS A CLAIM?

Sometimes the person who was sued (the **defendant**) will also have a claim against the person who filed the lawsuit (the **plaintiff**). This claim is called the *Defendant's Claim*. The defendant may file this claim in the same lawsuit. This helps to resolve all of the disagreements between the parties at the same time.

If the defendant decides to file the claim in the small claims court, the claim may not be for more than $5,000, or $10,000 if the defendant is a natural person *(see exceptions on page 1*)*. If the value of the claim is more than this amount, the defendant may either give up the amount over $5,000 or $10,000 and sue in the small claims court or sue in the appropriate court for the full value of the claim. If the defendant's claim relates to the same contract, transaction, matter, or event that is the subject of your claim and exceeds the value amount for small claims court, the defendant may file the claim in the appropriate court and file a motion to transfer your claim to that court to resolve both claims together.

The defendant's claim must be served on the plaintiff at least *five days* before the trial. If the defendant received the plaintiff's claim *10 days* or less before the trial, then the claim must be served at least *one day* before the trial. Both claims will be heard by the court at the same time.

## WHAT HAPPENS AT THE TRIAL?

Be sure you are on time for the trial. The small claims trial is informal. You must bring with you all witnesses, books, receipts, and other papers or things to prove your case. You may ask the witnesses to come to court voluntarily, or you may ask the clerk to issue a **subpoena**. A subpoena is a court order that *requires* the witness to go to trial. The witness has a right to charge a fee for going to the trial. If you do not have the records or papers to prove your case, you may also get a court order before the trial date requiring the papers to be brought to the trial. This order is called a *Small Claims Subpoena and Declaration* (form SC-107).

If you settle the case before the trial, you must file a **dismissal** form with the clerk.

The court's decision is usually mailed to you after the trial. It may also be hand delivered to you when the trial is over and after the judge has made a decision. The decision appears on a form called the *Notice of Entry of Judgment* (form SC-130 or SC-200).

## WHAT HAPPENS AFTER JUDGMENT?

The court may have ordered one party to pay money to the other party. The party who wins the case and is owed the money is called the **judgment creditor**. The party who loses the case and owes the money is called the **judgment debtor**. Enforcement of the judgment is **postponed** until the time for appeal ends or until the appeal is decided. This means that the judgment creditor cannot collect any money or take any action until this period is over. Generally both parties may be represented by lawyers after judgment. More information about your rights after judgment is available on the back of the *Notice of Entry of Judgment*. The clerk may also have this information on a separate sheet.

## HOW TO GET HELP WITH YOUR CASE

1. **Lawyers**—Both parties may ask a lawyer about the case, but a lawyer may not represent either party in court at the small claims trial. Generally, after judgment and on appeal, both parties may be represented by lawyers.

2. **Interpreters**—If you do not speak English well, ask the court clerk as soon as possible for a court-provided interpreter. You may use form INT-300 or a local court form to request an interpreter. If a court interpreter is not available at the time of your trial, it may be necessary to reschedule your trial. You cannot bring your own interpreter for the trial unless the interpreter has been approved by the court as a certified, registered, or provisionally qualified interpreter. (See Cal. Rules of Court, rule 2.893, and form INT-140.)

3. **Waiver of fees**—The court charges fees for some of its procedures. Fees are also charged for serving the defendant with the claim. The court may excuse you from paying these fees if you cannot afford them. Ask the clerk for the *Information Sheet on Waiver of Superior Court Fees and Costs* (form FW-001-INFO) to find out if you meet the requirements so that you do not have to pay the fees.

4. **Night and Saturday court**—If you cannot go to court during working hours, ask the clerk if the court has trials at night or on **Saturdays**.

5. **Parties who are in jail**—If you are in jail, the court may excuse you from going to the trial. Instead, you may ask another person who is not an attorney to go to the trial for you. You may mail written declarations to the court to support your case.

6. **Accommodations**—If you have a disability and need assistance, immediately ask the court to help accommodate your needs. If you are hearing impaired and need assistance, notify the court immediately.

7. **Forms**—You can get small claims forms and more information at the California Courts Self-Help Center website *(www.courts.ca.gov/smallclaims)*, your county law library, or the courthouse nearest you.

8. **Small claims advisors**—The law requires each county to provide assistance in small claims cases free of charge. *(Small claims advisor information):*

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [Print this form]   [Save this form]   [Clear this form]

"SC-100, Item 3"

d.) As Warden, Defendant Matevousian was responsible for developing the institutions procedures regarding the security and storage, of inmate personal property taken into custody by prison staff. Per Bureau of Prisons ("BOP") policy, Defendant Matevousian had a duty to establish procedures to ensure a property inventory whenever an inmates status required such action (for example, placement in special housing, transfer). At a minimum, the procedures were to include the completion of an Inmate Personal Property Record (BP-A0383) for identifying property and documenting valuables taken into staff custody.

On October 6, 2017, Plaintiff William Acevedo was an inmate housed at U.S.P Atwater. On October 6, 2017, Mr. Acevedo was placed into special housing, and all of his personal property was subsequently taken into custody by prison staff. On July 12, 2019, Mr. Acevedo was transferred to U.S.P Florence, Colorado. Mr. Acevedo has asked Defendant Matevousian in person, and in writing, for the return of his property taken into custody on October 6, 2017. On or around March 2021, Mr. Acevedo was advised in writing, that he would not be compensated for the loss of his property. To date, Mr. Acevedo has not been provided any of his property taken by prison staff on Oct. 6, 2017. Nor has Mr. Acevedo been provided a copy of the Inmate Personal Property Record made in conjunction with the taking of his personal property.

C.) As follows: (1) 2000 pages of court transcripts and legal documents at .55¢ per page copies $1,100., (2) Family photos/photo album 550 at $1. per photo $550., (3) 2 sweat shirts at $30., (4) 2 sweat pants at $36., (5) 1 Sony radio at $40., (6) 1 Koss headphone at $35., (7) 1 Skull Candy earbuds $16., (8) Pair Nike downshifter shoes at $65., and (9) New Balance shoes at $75.

$1,100.
$500.
$30.
$36.
$40.
$35.
$16.
$65.
$75.

$1,817. total

This e-copy is the official court record (GC68150).

RECEIVED DROP-OFF
MAR 03 2022
MERCED SUPERIOR COURT
CIVIL

RECEIVED
FEB 28 2022
MERCED SUPERIOR COURT
CRIMINAL DIVISION