UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROE ACEVEDO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 1:22-cv-00767 SKO (PC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE** |

Plaintiff William Roe Acevedo is a federal prisoner proceeding *pro se* in this civil rights action.

**I.    RELEVANT BACKGROUND**

Plaintiff originally filed his complaint in the Merced County Superior Court.[1] The action was removed to this Court on June 23, 2022. (*See* Doc. 1.) New case documents, including a consent form and an Informational Order, issued on June 23, 2022. (Doc. 2.)

On June 27, 2022, Defendant filed a motion to dismiss Plaintiff's complaint. (Doc. 4.)

On July 1, 2022, the Court issued its Order Directing Clerk of the Court to Administratively Redesignate Case as a Prisoner Action. (Doc. 5.)

On July 27, 2022, following consent by both parties, Chief District Judge Kimberly J.

---

[1] Plaintiff named Andre Matevousian as the sole Defendant in the action; however, the United States of America was substituted in his place on June 24, 2022. (*See* Doc. 3.)

1   Mueller authorized this action to proceed before the undersigned magistrate judge for all further
2   proceedings. (Doc. 9 [consent minute order].)

3   On July 28, 2022, the Court issued its Order to Show Cause (OSC) in writing why the
4   action should not be dismissed for Plaintiff's failure to file an opposition or statement of non-
5   opposition to Defendant's motion to dismiss. (Doc. 10.)

## II.   PLAINTIFF'S RESPONSE TO THE OSC

On August 22, 2022, Plaintiff filed a response to the OSC. (Doc. 11.) Plaintiff declares his "incoming mail is routinely delivered 2-4 weeks after the U.S. postmark date." (*Id*. at 2-3.) Plaintiff indicates he was confused by the Defendant's filing of a motion to dismiss "before [his] Complaint was even screened" and by this Court's Order to administratively redesignate this case. (*Id*. at 3.) When the Court issued its Order Re Consent, Plaintiff declares he "honestly believed the proceedings were postponed until [he] completed and returned" the consent form. (*Id*.) When the Court issued its minute order regarding the parties' consent to magistrate judge jurisdiction, Plaintiff "was still confused about" whether his "Complaint had been screened" and whether he "needed to request leave to proceed In forma pauperis." (*Id*.) Plaintiff declares he has not been served with a copy of Defendant's motion to dismiss and has "never receive[d] the motion." (*Id*. at 4.)

The Court will discharge the OSC considering Plaintiff's written response and will briefly address Plaintiff's concerns.

## III.   DISCUSSION

Plaintiff has indicated his mail is "routinely delivered 2-4 weeks after the U.S. postmark" despite the institution's regulations concerning mail delivery. (Doc. 11 at 2-3, 6-7.) A review of the institutional regulations reveals this Court's correspondence and correspondence from the Federal Bureau of Prisons would be designated as Incoming Special Mail. (*See* Doc. 11 at 6, ¶ N.) As special mail, the correspondence would be logged, inspected, and "delivered to the inmate within 24 hours" or the "day it is received" if it is on a Friday or day before a holiday. (*Id.* at ¶ O.) To the extent Plaintiff is alleging these regulations are not followed at his institution, in the future, should Plaintiff require an extension of time or allege delayed receipt of legal or special

correspondence, he will be required to *show,* rather than merely state, that delay occurred because such mail is dated and signed by an institutional official at the time of delivery. Thus, Plaintiff must establish a delay has in fact occurred instead of simply alleging delay.

Regarding Plaintiff's claim he has not received Defendant's motion to dismiss, the Court notes the certificate of service included with Defendant's motion indicates it was served via United States Mail on June 27, 2022, and addressed as follows: "William Roe Acevedo, FLORENCE ADMAX, U.S. PENITENTIARY, Inmate Mail/Parcels, PO BOX 8500, FLORENCE CO 81226." (Doc. 4 at 4.) Nevertheless, the Court will direct the Clerk to provide Plaintiff with one-time courtesy copy of Defendant's motion to dismiss.

Plaintiff is advised that the legal standard that would be applied to Defendant's motion to dismiss is the same legal standard applied during screening. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (the legal standard for screening and for 12(b)(6) motions is the same). As a result, Defendant's challenges to the claim asserted in Plaintiff's complaint will be subject to the same scrutiny the claim would undergo at screening. Plaintiff will be ordered to file an opposition or statement of non-opposition to Defendant's motion to dismiss within 21 days of the date of service of this order. The Court will consider Plaintiff's claim when Defendant's motion to dismiss is submitted for decision. In the event Plaintiff requires more time to respond to the motion to dismiss, he may file a request or motion for an extension of time with the Court. Plaintiff is cautioned that he must *show* good cause for such an extension, and bald assertions about mail delay will not suffice.

While Plaintiff asserts confusion concerning a number of actions taken in this case, when the Court issues an order directing Plaintiff to do something—like directing Plaintiff to file an opposition or non-opposition to Defendant's motion—Plaintiff should respond to the order or seek clarification where appropriate. Plaintiff should not assume some other act "postponed" subsequent court orders. Neither the "Magistrate Judge Consent in Civil Cases: Know Your Rights!" nor the Consent/Decline of U.S. Magistrate Judge Jurisdiction form make mention of any postponement of these proceedings.

//

Finally, Plaintiff is advised he need not apply for *in forma pauperis* status in this case because this action was removed by Defendant United States to this Court.

### IV.     CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. The OSC issued July 28, 2022, is DISCHARGED;
2. Plaintiff SHALL file an opposition or statement of non-opposition to Defendant's motion to dismiss **no later than 21 days following service of this order**; and
3. The Clerk of the Court is DIRECTED to provide Plaintiff a one-time courtesy copy of Defendant's motion to dismiss filed June 27, 2022.

IT IS SO ORDERED.

Dated:   8/29/2022                               /s/ *Sheila K. Oberto*
                                                         UNITED STATES MAGISTRATE JUDGE