UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROE ACEVEDO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No.: 1:22-cv-00767 SKO (PC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. 4) |

Pending before this Court is Defendant United States of America's motion to dismiss filed June 27, 2022. (Doc. 4.)

**I.　　PROCEDIRAL HISTORY**

This action was removed from the Merced County Superior Court on June 23, 2022. (Doc. 1.) On June 24, 2022, then named Defendant Andre Matevousian filed a Notice of Substitution, substituting the United States of America for Matevousian as Defendant. (Doc. 3.) On June 27, 2022, Defendant United States of America filed the instant motion. (Doc. 4.)

On July 1, 2022, this Court issued its Order Directing Clerk of the Court to Administratively Redesignate Case as a Prisoner Action. (Doc. 5.) The Clerk of the Court was directed to substitute the United States of America in place of Andre Matevousian. (*Id*. at 2.)

Following the parties' consent, this case was assigned to the undersigned Magistrate Judge for all further proceedings, including trial and entry of judgment. (Doc. 9.)

On August 30, 2022, the undersigned issued an Order to Show Cause (OSC) In Writing Why Action Should Not Be Dismissed For Failure To Prosecute. (Doc. 10.) Plaintiff was to show cause for his failure to file an opposition or statement of non-opposition to Defendant's motion to dismiss. (*Id.* at 1-2.)

Following Plaintiff's response filed August 22, 2022 (Doc. 11), the Court discharged the OSC on August 30, 2022. (Doc. 12.) Plaintiff was ordered to file an opposition or statement of non-opposition to Defendant's motion to dismiss within 21 days of the date of service of the order. (Doc. 13.) After a brief extension of time, Plaintiff filed an opposition on September 26, 2022, (Doc. 14), and Defendant filed a reply on September 28, 2022 (Doc. 16.)

## II. LEGAL STANDARDS

### *Subject Matter Jurisdiction*

"Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions." *Howard Jarvis Taxpayers Ass'n v. Cal. Secure Choice Ret. Sav. Program*, 443 F. Supp. 3d 1152, 1156 (E.D. Cal. 2020) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)), aff'd, 997 F.3d 848 (9th Cir. 2021). Federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (internal citations omitted). Subject matter jurisdiction is required; it cannot be forfeited or waived. *Howard Jarvis Taxpayers Ass'n*, 443 F. Supp. 3d at 1156. Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may "challenge a federal court's jurisdiction over the subject matter of the complaint." *Nat'l Photo Grp., LLC v. Allvoices, Inc.*, No. 3:13-cv-03627-JSC, 2014 WL 280391, at *1 (N.D. Cal. Jan. 24, 2014). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). A party making a facial attack does not submit supporting evidence with the motion because jurisdiction is challenged based solely on

the pleadings. *Howard Jarvis Taxpayers Ass'n*, 443 F. Supp. 3d at 1156; *see also Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1084 (N.D. Cal. 2019) ("[C]ourts do not consider evidence outside the pleadings when deciding a facial attack.") (citation omitted). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). The court need not assume the truth of legal conclusions cast in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In ruling on a party's factual attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*. The movant may "rely on affidavits or any other evidence properly before the court," and the party opposing the motion must then "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)).

### *Federal Tort Claims Act & Federal Statutes*

The Federal Tort Claims Act (FTCA) waives the federal government's sovereign immunity and gives district courts jurisdiction over suits for money damages brought against the United States based on negligent acts or omissions of federal employees. *See* 28 U.S.C. § 1346; *see also Sosa v. Alvarez Machain*, 542 U.S. 692, 700 (2004). Subsection (b) of Section 1346 waives sovereign immunity with respect to claims "for injury or loss of property ... caused by the negligence or wrongful act or omission of any employee" of the federal government acting within the scope of his or her employment. *Id.* § 1346(b). However, Section 2680 excludes several categories of claims from the FTCA waiver set forth in section 1346(b). *See* 28 U.S.C. § 2680. "If a plaintiff's tort claim falls within one of these exceptions, then the district court lacks subject

matter jurisdiction." *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1123 (9th Cir. 2019).

Subdivision (c) of section 2680 of Title 28 of the United States Code states "[a]ny claim arising in respect of the … detention of any goods, merchandise, or other property by … any other law enforcement officer, except that the provisions of this chapter and section 1346(b) of this title apply to any claim based on injury or loss of goods, merchandise, or other property, while in possession of … any other law enforcement officer …."

Section 3723 of Title 31 of the United States Code provides as follows:

> (a) The head of an agency (except a military department of the Department of Defense or the Coast Guard) may settle a claim for not more than $1,000 for damage to, or loss of, privately owned property that--
>
> (1) is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment; and
>
> (2) may not be settled under chapter 171 of title 28.
>
> (b) A claim under this section may be allowed only if it is presented to the head of the agency within one year after it accrues.
>
> (c) A claim under this section may be paid as provided in section 1304 of this title only if the claimant accepts the amount of the settlement in complete satisfaction of the claim against the Government.

### III. PLAINTIFF'S SMALL CLAIMS COURT ACTION

In a small claims court action filed in the Merced County, Plaintiff alleges that on October 6, 2017, he was an inmate at United States Penitentiary, Atwater, and was placed in special housing. (Doc. 1-1 at 8.) On that date, all of his personal property was taken into custody by prison staff. (*Id*.) On July 12, 2019, Plaintiff was transferred to United States Penitentiary Florence in Colorado. (*Id*.) Plaintiff asked Matevousian for the return of his property. (*Id*.) In March 2021, Plaintiff was advised in writing he would not be compensated for the loss of his property. (*Id*.) Plaintiff's property has never been returned, and Plaintiff asserts he has not been provided with a copy of the Inmate Personal Property Record created when his property was taken into custody. (*Id*.)

Plaintiff contends his property included 2,000 pages of court transcripts and legal

1   documents valued at $1,100 (calculated at .55 cents per page copy fee), 550 "family photos/photo
2   album) valued at $550, two sweatshirts valued at $30, two sweatpants valued at $36, one Sony
3   radio valued at $40, one Koss headphone set valued at $35, one Skull Candy earbud set valued at
4   $16, one pair of Nike "downshifter" shoes valued at $65, and one pair of New Balance shoes
5   valued at $75. (Doc. 1-1 at 8.) Plaintiff contends the total value of his lost property is $1817. (*Id.*)

### IV.  THE PARTIES' POSITIONS

#### *Defendant's Motion to Dismiss*

Defendant's motion is supported by the Declaration of Rachel R. Davidson and several exhibits. (*See* Doc. 41-1 through 41-6.) Defendant contends Plaintiff's lost property claim fails as a matter of law (Doc. 4 at 2), and this Court should dismiss Plaintiff's complaint for a lack of subject matter jurisdiction.

Although Congress waived the United States' sovereign immunity by enacting the FTCA, Defendant contends certain claims are exempt from the waiver. (*Id.*) Defendant contends Section 2680(c) of the FTCA "exempts from the waiver of sovereign immunity '[a]ny claim arising in respect of the … detention of any goods, merchandise, or other property by an other law enforcement officer[.]'" (*Id.* at 2-3.)

Defendant further contends the United States Supreme Court recognized the exemption in Section 2680(c) "includes situations where BOP officers negligently lost the property of an inmate,'" citing to *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). (*Id.* at 3.) Defendant asserts that in *Ali*, a federal inmate, alleged employees of the Bureau of Prisons (BOP) negligently or wrongfully lost his property during a prison transfer. (*Id.*) The Supreme Court affirmed the dismissal of Ali's claims under the FTCA "on the grounds of lack of subject matter jurisdiction," finding the United States immune from a lawsuit based upon the loss of Ali's property. (*Id.*) Because Plaintiff asserts the same claim, Defendant contends Plaintiff's claim must be dismissed. (*Id.*)

Defendant contends Section 3723 of Title 31 of the United States Code does not provide judicial review for Plaintiff's lost property claim. (Doc. 4 at 3.) Pursuant to that section, the BOP is permitted to resolve lost property claims arising out of the alleged negligence of an officer or

5

employee acting within the scope of employment, but the section does not provide for judicial review. (*Id*.) Defendant concludes Plaintiff's complaint must also be dismissed on this basis. (*Id*.)

### *Plaintiff's Opposition*

Plaintiff contends by removing his complaint to this Court "and interpreting it as a FTCA claim, the Defendant admitted Plaintiff's FTCA claim is before the Court." (Doc. 14.) Plaintiff cites to "Carlson v. Green," alleging the United States Supreme Court "determined the legislative history of the 1974 amendment to the FTCA 'made it crystal clear that Congress view[ed] FTCA and Bivens as parallel, complimentary causes of action.'" (*Id*. at 2.) Plaintiff contends that although his claim for negligent loss of property sounds in tort, "it is not unreasonable for this Court to consider analogous implications in its analysis of Defendant's liability." (*Id*.) Plaintiff cites to a Colorado district court case recognizing "federal inmates have a property interest in non-contraband funds contained in Inmate Trust Fund accounts." (*Id*.) Plaintiff contends this Court "should not credit the Defendant's indirect assertion that any interest Plaintiff had in his non-contraband funds simply disappeared upon purchasing non-contraband items from commissary." (*Id*.)

Plaintiff contends the BOP "policy statements and regulations referred to in" his complaint are essential to his claim, indicating "Defendant's employees knew how substantial the deprivation was to Plaintiff." (Doc. 14 at 2.) Plaintiff contends the BOP employees "were required to establish procedures to ensure that an inmate's personal property is properly inventoried whenever an inmate's status requires such action," like a transfer. (*Id*.) He further contends that, at a minimum, the procedures should "include the completion of an 'Inmate Personal Property Record (BP-AO383)' for identifying property and documenting valuable taken into staff custody." (*Id.* at 3.) Plaintiff asserts that according to BOP policy, inmate property is to be placed in a secured storage area and that upon transfer to another institution, the property is to be shipped by staff to the new institution. (*Id*.) He asserts that in his instance, "Defendant's employees totally disregarded their responsibilities" by not providing him "with a copy of his Inmate Personal Property Record" and then negligently losing "all of Plaintiff's property." (*Id*.) Plaintiff contends he diligently sought compensation for his loss, but was refused. (*Id*.)

1    Plaintiff contends his case is unlike the *Ali* case because, here, Defendant's employees
2    "lost all of Plaintiff's property, including an estimates 2,000 pages of court transcripts and legal
3    documents and 500 priceless family photos." (Doc. 14 at 3.) Plaintiff states this is the "sort of
4    psychological and dignitary assault by prison officials on an inmate that creates great concern,"
5    because while it "may appear minor," in prison, "it is very pronounced because it attacks at the
6    very core of an inmate's coping mechanisms against the harshness of prolonged solitary
7    confinement." (*Id.* at 3-4.)

8    Plaintiff asserts that by denying him "the option to claim the protection of this tort the
9    Defendant would have this Court abdicate its responsibility to check the unrestrained power of
10   the Executive over a uniquely vulnerable population—the 185,254 prisoners locked within the
11   confines of the federal prison system." (Doc. 14 at 4.)

12   Plaintiff concludes by stating he "deems it proper that at the very least [Plaintiff's] FTCA
13   claim would be available for Defendant's employees patently unjustified conduct," and asks that
14   the Court deny Defendant's motion. (Doc. 14 at 4-5.)

15   ***Defendant's Reply***

16   In its reply to Plaintiff's opposition, Defendant reiterates that Plaintiff's FTCA claim for
17   loss of property fails as a matter of law. (Doc. 16 at 1.) Defendant contends that despite Plaintiff's
18   assertion to the contrary, he was not deprived of any rights because Plaintiff sought the available
19   administrative remedy provided by Section 3723. (*Id.*) That claim was properly denied. (*Id.*)
20   Defendant further reiterates that because Section 3723 does not provide judicial review of lost
21   property claims, Plaintiff's complaint must be dismissed. (*Id.*)

22   **V.    DISCUSSION**
23         **28 U.S.C. Section 2680(c)**

24   Defendant asserts the allegations contained in Plaintiff's small claims action are
25   insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039.

26   The Supreme Court made clear in *Ali* that Section 2680(c) applies to claims brought by
27   federal prisoners against BOP officers for loss of personal property. *See Ali*, 552 U.S. at 216, 228
28   (holding that phrase "any other law enforcement officer" covers all law enforcement officers).

Applying the holding in *Ali*, courts in this circuit have repeatedly determined that they lack jurisdiction over FTCA claims like Plaintiff's. *See, e.g.*, *Panschow v. Murillo*, No. 19-02446, 2020 WL 292182, at *2 (C.D. Cal. Jan. 17, 2020) (explaining that plaintiff could not assert claim under the FTCA based on BOP's alleged loss of his personal property after he was moved to the Special Housing Unit); *Larkin v. Watts*, No. 07-7126, 2008 WL 11472156, at *2 (C.D. Cal. Apr. 14, 2008), report and recommendation adopted, 2008 WL 11472155 (C.D. Cal. June 5, 2008), aff'd, 300 F. App'x 501 (9th Cir. 2008) (affirming district court's ruling that plaintiff could not bring a FTCA claim against the United States for lost or damaged personal property). The Court concludes that Plaintiff's claim falls within the scope of the "detention of goods" exception set forth in Section 2680(c).

Plaintiff contends that *Ali* is distinguishable because here, all of his property was lost, while in *Ali* "several items" were missing from inmate Ali's property following a transfer to another federal penitentiary. He infers that the value of his items exceeds those of the items at issue in *Ali*. Plaintiff's attempt to distinguish *Ali* is unavailing.

Section 2680(c) is interpreted broadly and "encompasses the 'entire universe' of claims arising out of the Government's seizure, receipt, and possession of property." *Davinci Aircraft, Inc. v. United States*, No. 16-05864, 2017 WL 1520418, at *5 (C.D. Cal. Apr. 25, 2017), aff'd and remanded, 926 F.3d 1117 (9th Cir. 2019) (quoting *Foster v. United States*, 522 F.3d 1071, 1074 (9th Cir. 2008)). Thus, whether some items are missing or all items are missing, *Ali* applies in in a situation such as the one here. Because Plaintiff's claim arises from the alleged loss of his personal property while in the BOP's possession, his claim falls within the detention of goods exception under Section 2680(c). *See Panschow*, 2020 WL 292182, at *1-*2 (concluding that detention of goods exception would bar FTCA claim in case where plaintiff alleged that he "left personal property with [defendant] to be inventoried when plaintiff was moved to a Special Housing Unit, and the property was lost").

While Plaintiff's citation to *Carlson v. Green*, 446 U.S. 14 (1980) is accurate as the Supreme Court held "when Congress amended FTCA in 1974 to create a cause of action against the United States for intentional torts committed by federal law enforcement officers … the

1  congressional comments accompanying that amendment made it crystal clear that Congress views

2  FTCA and *Bivens* as parallel, complementary causes of action," (*id.* at 19-20), *Green* is not

3  applicable here. Unlike the administratrix in *Green*, Plaintiff is not also asserting an Eighth

4  Amendment cruel and unusual punishment claim arising under *Bivens v. Six Unknown Federal*

5  *Narcotics Agents*, 403 U.S. 388 (1971). Instead Plaintiff's claim is limited to the loss of his

6  personal property.  Whether BOP policy requires an inmate be given a copy of the inventory

7  following property detention, and assuming Plaintiff's assertion that he received no such

8  inventory is true, that alleged failure does not act to overcome this Court's lack of subject matter

9  jurisdiction over Plaintiff's claim.[1]

10      In sum, Plaintiff has not met his burden of proving subject matter jurisdiction. *Leite*, 749

11  F.3d at 1121 (plaintiff bears the burden of proving subject matter jurisdiction). Here, the detention

12  of goods exception bars Plaintiff's FTCA claim, and his claim must be dismissed for lack of

13  subject matter jurisdiction. Because this claim cannot be cured through amendment, the Court

14  will dismiss the claim without prejudice. *See Rutman Wine Co. v. E. & J. Gallo Winery,* 829 F.2d

15  729, 738 (9th Cir. 1987).

16      **31 U.S.C. Section 3723**

17      Defendant contends this Court must also dismiss Plaintiff's complaint because section

18  3723 does not provide for judicial review of lost property claims. Because this Court concludes

19  dismissal is required for lack of subject matter jurisdiction, it need not reach Defendant's

20  alternative argument.[2]

---

[1] Contrary to Plaintiff's assertion, this Court is not abdicating "its responsibility to check the unrestrained power of the Executive over" the federal inmate population. The Court is instead recognizing it lacks subject matter jurisdiction because Congress has not authorized a suit such as Plaintiff's case that arises from the detention of personal property by federal prison officers or officials. *Kokkonen*, 511 U.S. at 377 (the power authorized by Constitution and statute is not to be expanded by judicial decree); *Howard Jarvis Taxpayers Ass'n*, 443 F. Supp. 3d at 1156 (subject matter jurisdiction cannot be forfeited or waived); Fed. R. Civ. P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *see also Panschow*, 2020 WL 292182, at *2.

[2] This Court notes the Eighth Circuit has held that an agency's decision with respect to a claim under 31 U.S.C. Section 3723 is not subject to judicial review. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). *See also, e.g.*, *McDaniels v. United States*, No. EDCV 14-02594-VBF (JDE), 2017 WL 10518115, *10 (C.D. Cal. Apr. 27, 2017) ("Plaintiff was advised in the denial of his claim that claims under 31 U.S.C. § 3723 could not be filed in District Court because there is no judicial review provided for claims decided under 31 U.S.C. § 3723").

9

## VI.     CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss for a lack of subject matter jurisdiction (Doc. 4) be GRANTED. Accordingly, Plaintiff's complaint is dismissed without prejudice. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:     **February 21, 2023**                    /s/ *Sheila K. Oberto*
                                                                     UNITED STATES MAGISTRATE JUDGE